JONES DAY
John G. Froemming (*pro hac vice* motion to be filed)
51 Louisiana Ave. NW
Washington, DC 20001
Telephone: (202) 879-4693
jfroemming@jonesday.com

McCARTER & ENGLISH, LLP
Scott S. Christie (*pro hac vice* motion to be filed)
Kelly J. Garrone
Worldwide Plaza
825 Eighth Ave., 31st Floor
New York, NY 10019
Telephone:  (212) 609-6800
schristie@mccarter.com
kgarrone@mccarter.com

*Attorneys for Plaintiff,*
*E. & J. Gallo Winery*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. & J. GALLO WINERY,<br><br>            Plaintiff.<br><br>v.<br><br>FREIXENET MIONETTO USA, INC. and<br>CL DIRECT IMPORTS,<br><br>            Defendants. | Case. No. 7:22-cv-03878-CS<br><br><br>**AMENDED COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

Plaintiff E. & J. Gallo Winery, a California corporation with a principal place of business at 600 Yosemite Blvd., Modesto, California 95354 ("Gallo"), by and through its undersigned counsel, brings this Amended Complaint against Defendant Freixenet Mionetto USA, Inc. a New York corporation with a principal place of business at 81 Main St., Suite 303, White Plains, New York 10601 ("Freixenet Mionetto"), and Defendant CL Direct Imports, a division of Freixenet Mionetto with a principal place of business at 81 Main St., Suite 303, White Plains, New York 10601 (together with Freixenet Mionetto, "Defendants").

## NATURE OF THE ACTION

1.     Defendants are infringing Gallo's federally-registered, distinctive, incontestable and related common-law trade dress shown below at left and right—which Gallo has used for many years to package, promote, distribute and sell the best-selling Prosecco in the United States—by marketing the lesser-known and competing Prosecco shown below at center.

  

| Gallo's Trade Dress U.S. Registration No. 4,849,062 | The Accused Packaging | Gallo's Trade Dress U.S. Registration No. 4,887,846 |

2.      This action seeks injunctive relief, damages and other monetary relief against Defendants for trade dress infringement, unfair competition, false designation of origin, and related state common law claims.

## THE PARTIES

3.      Plaintiff E. & J. Gallo Winery is a California corporation with a principal place of business at 600 Yosemite Blvd., Modesto, California 95354.

4.      On information and belief, Defendant Freixenet Mionetto USA, Inc. is a New York corporation with a principal place of business at 81 Main St., Suite 303, White Plains, New York 10601.

5.      On information and belief, Defendant CL Direct Imports is a division of Freixenet Mionetto with a principal place of business at 81 Main St., Suite 303, White Plains, New York 10601.

6.      On information and belief, Defendant Freixenet Mionetto USA, Inc. controls and directs the operations of Defendant CL Direct Imports, including the importation of wine into the United States from foreign countries.

## JURISDICTION AND VENUE

7.      This action arises under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and New York common law.

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338, as well as 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9.      This Court has personal jurisdiction over Freixenet Mionetto, among other reasons, because it is headquartered in this District and legally organized in New York.

10.     This Court has personal jurisdiction over CL Direct Imports because, among other reasons, it is a division of Freixenet Mionetto located in this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred here.  In the alternative, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to personal jurisdiction here.

## GENERAL ALLEGATIONS

**I.      Gallo's Registration No. 4,849,062**

12.     Gallo is the owner of United States Registration No. 4,849,062 (attached as **Exhibit A**), which covers the trade dress shown on the first page of this Amended Complaint at left in connection with "alcoholic beverages except beers."

13.     Registration No. 4,849,062 issued on November 10, 2015, having matured from an application filed on August 18, 2014.  That registration has become incontestable under 15 U.S.C. § 1065.  The trade dress described therein consists of "a three-dimensional configuration of a green bottle with a silver cover on the neck and cap of the bottle.  At the base of the neck is a light blue neck label, and there is a light blue square bottle label positioned on the lower midsection of the bottle."  That trade dress is distinctive, and ornamental as opposed to functional.

**II.     Gallo's Registration No. 4,887,846**

14.     Gallo also is the owner of United States Registration No. 4,887,846 (attached as **Exhibit B**), which covers the trade dress shown at right on the first page of this Amended Complaint in connection with "alcoholic beverages except beers."

15.     Registration No. 4,887,846 issued on January 19, 2016, having matured from an application filed on November 13, 2014.  That registration has become incontestable under 15

U.S.C. § 1065.  The trade dress described therein consists of "a three-dimensional configuration of a green bottle having a silver cover on the neck of the bottle, at the base of which is a light blue neck label, on which appears, in silver ink, a crown and curlicues on both sides of the crown, along with a double-lined border also in silver ink along the top and bottom edges of the neck label; and, a light blue square bottle label which also contains the crown and curlicues on both sides of the crown, along with a double-lined border around all the edges of the label, all in silver ink."  That trade dress is distinctive, and ornamental as opposed to functional.

**III.  Gallo's Common-Law Trade Dress Rights**

16.    In addition to its federal registrations, Gallo owns common law trade dress rights to the overall look, feel and commercial impression of its LA MARCA bottle design.  Gallo's distinctive trade dress for its LA MARCA bottle design includes numerous features combined in a unique format to create a highly distinctive overall impression.  Elements of Gallo's LA MARCA trade dress include, for example:

      a.  a sloping-shouldered green bottle;

      b. a silver foil cover on the cap and neck of the bottle;

      c. a light blue neck label at the base of the neck; and

      d. a light blue square front label with a silver ink double-lined border around the edges of the label.

17.    The trade dress covered by Registration No. 4,849,062, Registration No. 4,887,846  and Gallo's common-law rights are collectively referenced herein as the "Asserted Trade Dress."

**III.    Gallo's Use of the Asserted Trade Dress**

18.    Gallo has continuously used the Asserted Trade Dress in connection with LA MARCA Prosecco since at least as early as August 31, 2009.

19.     LA MARCA Prosecco has been the best-selling Prosecco in the United States for many years—and is now the best-selling sparkling wine in the United States as well.

20.     Gallo has expended considerable effort and financial resources to promote the Asserted Trade Dress, which symbolizes and embodies tremendous goodwill.  The consuming public easily recognizes the Asserted Trade Dress and associates it with a single source, *i.e.*, Gallo.

**IV.     Defendants' Accused Packaging and the Likelihood of Consumer Confusion**

21.     In recent years—after Gallo had begun using and promoting the Asserted Trade Dress and LA MARCA Prosecco had become a best-selling Prosecco in the United States—Defendants began to import and distribute a competing product, BOLLICINI Prosecco, in the packaging shown at center on the first page of this Amended Complaint (the "Accused Packaging").  On information and belief, CL Direct Imports BOLLICINI Prosecco into the United States from Italy, and Freixenet Mionetto markets, distributes and sells BOLLICINI Prosecco within the United States, including in this District.

22.     Trade dress infringement is grounded in a likelihood of consumer confusion as to the source, sponsorship or affiliation of products that are sold under similar trade dress or packaging.  In this case, by reason of similarities in the Asserted Trade Dress and the Accused Packaging, consumers are led to believe, mistakenly, that products in the Accused Packaging originate from— or otherwise are sponsored by or affiliated with—the company behind the Asserted Trade Dress, *i.e.*, Gallo.

23.     This Court weighs various factors to determine whether there is a likelihood of confusion, including but not limited to: (i) the strength of the asserted trade dress; (ii) the similarity between the asserted trade dress and the accused packaging; (iii) any overlap in the parties' marketing and sales channels; (iv) any overlap in the consumers; (v) the relationship of the goods in the minds of

those consumers; (vi) the expected care of those consumers; (vii) any evidence of actual confusion; and (viii) the intent of the defendant.  When the goods are directly competitive, less similarity is required to show a likelihood of confusion.  Doubt is resolved in favor of the senior user, but here there is no doubt.  All factors point to a likelihood of confusion between the Accused Packaging and the Asserted Trade Dress.

24.     Notably, the Asserted Trade Dress has become extremely strong through widespread use and promotion over time.  LA MARCA Prosecco—it bears repeating—has been the best-selling Prosecco in the United States for many years—and is now the best-selling sparkling wine in the United States.  Achieving that position required considerable effort and expense on Gallo's part.

25.     The Asserted Trade Dress and the Accused Packaging are strikingly similar. For example, they both feature a sloping-shouldered green bottle, a silver foil cap-and-neck cover, a light blue neck label at the base of the neck, and a light blue square label on the front with a silver ink double-lined border around all of the edges of the label. These similarities did not occur by coincidence.

26.     Moreover, it is worth emphasizing that the underlying products—LA MARCA Prosecco and BOLLICINI Prosecco—compete directly in the marketplace. Both are Prosecco sparkling wines made primarily from Glera grapes and commonly enjoyed at celebratory occasions.  Both are marketed and sold to the same consumers through the same channels at approximately the same retail price of $15 per 750 milliliter bottle.

27.     The "purchaser care" factor in the likelihood of confusion analysis likewise favors Gallo. These are not the sort of extravagant Champagnes—at extravagant prices—that may invite careful scrutiny by a devoted connoisseur.  Rather, these are value-oriented sparkling wines—at modest prices—that may tempt a busy shopper to make an impulse purchase.  Accordingly, relevant

consumers cannot be expected to exercise great care—or to make fine distinctions between similar packaging—when purchasing these products.

28.     On information and belief, Defendants have intended to confuse consumers and to profit from the widespread recognition and substantial goodwill behind LA MARCA Prosecco.  What is more, Defendants have succeeded.

**V.     Prior Communications Between the Parties**

29.     On August 10, 2020, Gallo, through its counsel, sent Freixenet Mionetto a letter expressing concern that the trade dress of the BOLLICINI Prosecco 750 ml bottle was confusingly similar to the Asserted Trade Dress.  The letter detailed the elements of significant similarity, enclosed copies of the Asserted Trade Dress, and invited a conversation to reach an amicable resolution of infringement of the Asserted Trade Dress.

30.     Gallo then sent counsel for Freixenet Mionetto the favorable results of a secondary meaning survey and likelihood of confusion pilot survey as to the Asserted Trade Dress.  These survey results prompted counsel for Freixenet Mionetto to begin discussing settlement.  Since then, the parties have engaged in settlement discussions, but to no avail.

31.     On April 28, 2022, Gallo made one last effort to amicably resolve Defendants' infringement of the Asserted Trade Dress by having its Executive Vice President and General Manager send a letter directly to the CEO of Freixenet Mionetto requesting a call by May 6, 2022 to discuss a business resolution.  The call ultimately took place on May 10, 2022, but Freixenet Mionetto did not agree to cease and desist from infringing the Asserted Trade Dress.

32.      Despite being aware of Gallo's long-standing and incontestable Asserted Trade Dress no later than August 2020, CL Direct Imports has continued and currently continues to import and

Freixenet Mionetto has continued and currently continues to market and sell BOLLICINI Prosecco in the Accused Packaging without regard to the likelihood of public confusion.

33.     Accordingly, Gallo is left with no choice but to bring this action to prevent consumer confusion and to protect the reputation and goodwill behind its LA MARCA Prosecco.

## COUNT I

**(Trade Dress Infringement Under 15 U.S.C. § 1114(1)—U.S. Registration No. 4,849,062)**

34.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

35.     Gallo is the owner of U.S. Registration No. 4,849,062, which is valid and subsisting, as well as incontestable under 15 U.S.C. § 1065. The trade dress shown therein is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

36.     The United States Patent and Trademark Office issued U.S. Registration No. 4,849,062— and the trade dress shown therein had been used in commerce and had become distinctive—long before Defendants began to import, distribute, market and sell BOLLICINI Prosecco in the Accused Packaging.

37.     Defendants' marketing, distribution, and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of confusion, and accordingly constitutes trade dress infringement under 15 U.S.C. § 1114(1).

38.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress.

39.     As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

40.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

## COUNT II

**(Trade Dress Infringement Under 15 U.S.C. § 1114(1) —U.S. Registration No. 4,887,846)**

41.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

42.     Gallo is the owner of U.S. Registration No. 4,887,846, which is valid and subsisting, as well as incontestable under 15 U.S.C. § 1065.  The trade dress shown therein is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

43.     The United States Patent and Trademark Office issued U.S. Registration No. 4,887,846— and the trade dress shown therein had been used in commerce and had become distinctive—long before Defendants began to import, distribute, market and sell BOLLICINI Prosecco in the Accused Packaging.

44.     Defendants' marketing, distribution, and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of consumer confusion and constitutes trade dress infringement under 15 U.S.C. § 1114(1).

45.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress.

46.     As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

47.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

## COUNT III

### (Federal Common-Law Trade Dress Infringement under 15 U.S.C. § 1125(a))

48.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

49.     Gallo is the owner of the common-law trade dress in the Asserted Trade Dress that is described in paragraph 16 above.  The trade dress shown therein is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

50.     This trade dress had been used in commerce and had become distinctive before Defendants began to import, distribute, market and sell BOLLICINI Prosecco in the Accused Packaging.

51.     Defendants' marketing, distribution, and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of consumer confusion and constitutes trade dress infringement under 15 U.S.C. § 1125(a).

52.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress.

53.     As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

54.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

## COUNT IV

### (Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

55.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

56.     Gallo is the owner of the Asserted Trade Dress, which is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

57.     Since at least as early as August 31, 2009, Gallo has used the Asserted Trade Dress throughout the United States to market and sell LA MARCA Prosecco.

58.     The Asserted Trade Dress had been used in commerce and had become distinctive long before Defendants began to import, distribute, market or sell BOLLICINI Prosecco in the Accused Packaging.

59.     Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of confusion and constitutes unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

60.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress.

61.     As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

62.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

**<u>COUNT V</u>**

**(Common Law Trade Dress Infringement)**

63.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

64.     Gallo is the owner of the Asserted Trade Dress, which is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

65.     Gallo has long used the Asserted Trade Dress throughout the United States, and within the State of New York, to market and sell LA MARCA Prosecco.

66.     The Asserted Trade Dress had been used in commerce and had become distinctive long before Defendants began to import, distribute, market and sell BOLLICINI Prosecco in the Accused Packaging.

67.     Defendants' marketing, distribution, and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of consumer confusion and constitutes common law trade dress infringement.

68.     Defendants have acted intentionally and willfully to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress.

69.     As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

70.     Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

## COUNT VI

### (Common Law Unfair Competition)

71.     Gallo incorporates the allegations in the preceding paragraphs as if set forth fully herein.

72.     Gallo is the owner of the Asserted Trade Dress, which is distinctive, and ornamental as opposed to functional.  Relevant consumers associate it with a single source, *i.e.*, Gallo.

73.     Gallo has long used the Asserted Trade Dress throughout the United States, and within the State of New York, to market and sell LA MARCA Prosecco.

74.     The Asserted Trade Dress had been used in commerce and had become distinctive long before Defendants began to import, distribute, market or sell BOLLICINI Prosecco in the Accused Packaging.

75.    Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging creates a likelihood of confusion and constitutes common law unfair competition.

76.    Defendants have acted intentionally, willfully and in bad faith to confuse the consuming public and to trade upon the reputation and goodwill behind the Asserted Trade Dress despite being aware of the Asserted Trade Dress no later than August 2020.

77.    As a result of Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging, Gallo has suffered and will continue to suffer damages as well as irreparable harm to its goodwill and reputation for which there is no adequate remedy at law.

78.    Absent injunctive relief, Gallo will continue to suffer irreparable harm from Defendants' importation, distribution, marketing and sale of BOLLICINI Prosecco in the Accused Packaging.

## **PRAYER FOR RELIEF**

Gallo prays:

A.    That the Court enter judgment that:

1.    Each Defendant has infringed the trade dress depicted in Registration No. 4,849,062 under 15 U.S.C. § 1114(1);

2.    Each Defendant has infringed the trade dress depicted in Registration No. 4,887,846 under 15 U.S.C. § 1114(1);

3.    Each Defendant has infringed the common-law trade dress rights described in paragraph 16 above under 15 U.S.C. § 1125(a);

4.    Each Defendant has engaged in unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

13

5.      Each Defendant has engaged in trade dress infringement under the common law of the State of New York; and

6.      Each Defendant has engaged in unfair competition under the common law of the State of New York.

B.      That the Court issue a permanent injunction restraining and enjoining each Defendant, and all of their agents, servants, officers, employees, successors, and assigns, and all other persons or entities in active concert or participation with them from:

1.      Importing, shipping, packaging, marketing, advertising, distributing, offering for sale, or selling Prosecco or any other wine in the Accused Packaging and/or any colorable imitation thereof;

2.      Using the Asserted Trade Dress and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols, or designs, as trade dress, trademarks, packaging or otherwise to market, distribute, sell, or identify Prosecco or any other wine;

3.      Otherwise infringing the Asserted Trade Dress;

4.      Unfairly competing with Gallo in any manner whatsoever or otherwise injuring its business reputation or goodwill in the manner described in this Amended Complaint; and

5.      Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (1) through (4) above.

C.      That the Court enter an order, pursuant to 15 U.S.C. §§ 1116 and 1118, requiring each Defendant, their agents, servants, officers, employees, successors, and assigns, to destroy

all Accused Packaging or colorable imitations thereof and any advertising and promotional materials that depict or display the Accused Packaging that are in Defendants' possession, custody, or control;

D.     That the Court enter an order, pursuant to 15 U.S.C. § 1116, requiring each Defendant to file with the Court and serve upon Gallo within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner in which that Defendant has each complied with Paragraphs B and C above;

E.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, requiring each Defendant to provide an accounting of all revenues generated from its importation, distribution, marketing and sale of Prosecco or any other wine in the Accused Packaging and colorable imitations thereof;

F.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, awarding all profits each Defendant received from the revenues of Prosecco or any other wine imported, distributed, marketed or sold in the Accused Packaging and colorable imitations thereof, as well as all damages that Gallo has suffered as a result of Defendants' importation, distribution, marketing and sale of Prosecco or any other wine in the Accused Packaging and colorable imitations thereof, in each case enhanced and/or trebled by reason of the intentional, unlawful acts of each Defendant as set forth in this Amended Complaint;

G.     That the Court enter an order, pursuant to 15 U.S.C. § 1117, declaring that this is an "exceptional case" and awarding attorneys' fees and costs in favor of Gallo;

H.     That the Court enter an order enjoining Defendants from infringing the Asserted Trade Dress in violation of New York law;

I.       That the Court enter an order awarding damages, attorneys' fees and costs to the fullest

extent provided by New York law;

J.       That the Court enter an order awarding Gallo pre-judgment and post-judgment interest;

and

K.       That the Court enter such other relief as it deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Gallo hereby demands a trial by jury on all issues so triable.

Dated: July 1, 2022

JONES DAY                                           McCARTER & ENGLISH, LLP

John G. Froemming
(*pro hac vice* motion to be filed)                     By: s/Kelly J. Garrone/
51 Louisiana Ave. NW
Washington, DC 20001
                                                    Kelly J. Garrone
Telephone: (202) 879-4693                           Scott S. Christie (*pro hac vice* motion to be filed)
jfroemming@jonesday.com                             Worldwide Plaza
                                                    825 Eighth Ave., 31st Floor
                                                    New York, NY 10019
                                                    Telephone:  (212) 609-6800
                                                    schristie@mccarter.com
                                                    kgarrone@mccarter.com

                                                    *Attorneys for Plaintiff,*
                                                    *E. & J. Gallo Winery*